UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

In re:  NICOLE J POULLATH                              Case Number 23-61057
                              Debtor.                 Chapter 13

**NOTICE OF HEARING ON TRUSTEE'S
OBJECTION TO DEBTOR'S AMENDED SCHEDULE C, filed December 13, 2023**

Please take notice that a hearing on the Trustee's Objection will be held on:

**December 21, 2023, at 9:30 a.m.**

The parties shall not appear in person. The Meeting ID for the hearing is 160 369 2643, and may be accessed by using the following link: https://vawb-uscourtsgov.zoomgov.com/j/1603692643. For more information on how to access the hearing, please see the Court's website at www.vawb.uscourts.gov.

Your rights may be affected by the Motion and you are directed to appear if you oppose the relief sought.

OFFICE OF THE CHAPTER 13 TRUSTEE
ANGELA M. SCOLFORO, TRUSTEE

Dated:  December 19, 2023

/s/ Shannon T. Morgan
Shannon T. Morgan, Staff Attorney for
Angela M. Scolforo, Chapter 13 Trustee
P.O. Box 2103
Charlottesville VA 22902
Tel: (434) 817-9913 ext. 121
SMorgan@CvilleCh13.net

Certificate of Service

        I, Shannon T. Morgan, certify that on this 19th day of December, 2023, I provided electronic service of this Motion and the Notice of Hearing upon the Debtor through her counsel.

/s/ Shannon T. Morgan

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA

In re:  NICOLE J POULLATH                         Case Number 23-61057
                              Debtor.               Chapter 13

**OBJECTION TO DEBTOR'S AMENDED SCHEDULE C, filed December 13, 2023**

COMES NOW the Chapter 13 Trustee, Angela M. Scolforo, by counsel, and files this Objection to the Amended Schedule C filed by the Debtors on December 13, 2023, docket entry no. 20, and in support thereof offers the following:

1. On December 13, 2023, the Debtor filed an amended Schedule C asserting exemptions under Virginia Code Section 34-4 for personal property for which she had originally asserted exemptions under other Code provisions.

2. This amended Schedule C asserts a total of $31,262.67 in exemptions pursuant to Virginia Code § 34-4.

   a. The exemption applied to real property used as Debtor's principal residence was $1.00.

   b. The remaining $31,261.67 in exemptions on the amended Schedule C was used for personal property of the Debtor as follows:

      i. Compound bow $50.00;

      ii. Mom's wedding band, cross necklace $400.00;

      iii. Checking: Central Virginia Federal Credit Union $3,301.14;

      iv. Checking: Central Virginia Federal Credit Union $1,262.67;

      v. Savings: Central Virginia Federal Credit Union $1,247.86;

      vi. Interest in tax refund $1.00;

vii.  See attached sheets per deed of distribution filed with the Circuit Court and attached hereto.. The Kubota Tractor and the fishing boat that are listed were in husband's name and were repossessed after his death $18,027.00;

viii.  husband had a Robinhood account, transferred to daughters account who then transferred it to debtors account $1,200.00;

ix.  Other assets listed on the attached list that were joint and not included in the estate $5,772.00.

3.  None of the personal property detailed above is believed to be used as a principal residence for Debtor and/or her dependents.

4.  The Debtor has three dependents under the age of 18 years of age in her household.

5.  Virginia Code § 34-4 provides in parts that:

> Every householder shall be entitled, in addition to the property or estate exempt under §§ 23.1-707, 34-26, 34-27, 34-29, and 64.2-311, to hold exempt from creditor process arising out of a debt, real and personal property, or either, to be selected by the householder, including money and debts due the householder not exceeding $5,000 in value or, if the householder is 65 years of age or older, not exceeding $10,000 in value, and, **in addition, real or personal property used as the principal residence of the householder or the householder's dependents not exceeding $25,000 in value**. In addition, upon a showing that a householder supports dependents, the householder shall be entitled to hold exempt from creditor process real and personal property, or either, selected by the householder, including money or monetary obligations or liabilities due the householder, not exceeding $500 in value for each dependent.   (Emphasis added.)

6.  Therefore, Virginia Code § 34-4 entitles Debtor to claim up to $25,000 in exemptions to be applied towards "*real or personal property used as the principal residence of the householder or the householder's dependents*."  Virginia Code § 34-4 further allows

Debtor to exempt up to $5,000 for all other real and personal property, and $500 per dependent for all other real and personal property.

7. Under this section of the Virginia Code, Debtor may exempt a total of $6,500 in personal property.

8. The Debtor's claimed exemptions under Virginia Code § 34-4 on her amended Schedule C exceed the exemption limits allowed to her by $24,761.67.

9. The Trustee understands that the Debtor may believe that Virginia Code § 34-13 allows her to use the $25,0000.00 exemption under Virginia Code § 34-4 for the principal residence to further protect personal property.

10. Virginia Code § 34-13 specifically provides:

> If the householder does not set apart any real estate as before provided, or if what he does or has so set apart is not of the total value which he is entitled to hold exempt, he may, in addition to the property or estate which he is entitled to hold exempt under §§ 34-26, 34-27, 34-29, and 64.2-311, in the first case select and set apart by the writing required by § 34-14 to be held by him as exempt under §§ 34-4 and 34-4.1, so much of his personal estate as shall not exceed the total value which he is entitled to hold exempt and, in the latter case, personal estate, the value of which, when added to the value of the real estate set apart, does not exceed such total value.

11. The Trustee does not read Virginia Code § 34-13 to allow Debtor to extend the exemption specifically reserved for the real and personal property used as the principal residence of debtor and/or her dependents to exempt her personal property but asserts that the text of Virginia Code § 34-4 expressly limits the $25,000.00 exemption to real and personal property used as a principal residence.

12. The Trustee objects to the use of Virginia Code § 34-4 by the Debtor to the extent it exceeds $6,500.00 for real and personal property not used as the principal residence for Debtor and her dependents.

13. Less than thirty (30) days have passed since the amended Schedule C was filed by the Debtor on December 13, 2023.

THEREFORE, the Trustee prays that this Court (i) deny the claim of exemption by the Debtor of Virginia Code § 34-4 to the extent it exceeds $6,500 for real and personal property not used by the Debtor and/or her dependents as their principal residence and (ii) grant such other or further relief as this Court deems just.

Dated this 19th day of December, 2023.

Respectfully submitted,
ANGELA M. SCOLFORO, TRUSTEE, by

/s/ Shannon T. Morgan
Shannon T. Morgan, Staff Attorney
Counsel for Angela M. Scolforo, Trustee
P.O. Box 2103, Charlottesville, VA 22901
(434) 817-9913 ext. 127
SMorgan@CvilleCh13.net