**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

IN RE:  Nicole J Poullath                                        CHAPTER 13
                                                                 CASE NO. 23-61057

      Debtor(s)

**DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED SCHEDULE C, FILED DECEMBER 20, 2023**

Comes now the Debtor, by Counsel, and files this response to the aforesaid Trustee's Objection to Debtor's Amended Schedule C, filed December 20, 2023 (ECF No. 24) and states to the Court as follows:

1. The Debtor, by counsel, hereby agrees to the allegations and statements contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9 and 17 of the Trustee's Objection to Debtor's Amended Schedule C, filed December 20, 2023.

2. The Debtor does further allege that Code of Virginia Section 34-13 is within Title 34 of the Code of Virginia which is labeled as "Homestead and Other Exemption" and therefore by inference is an exemption statute. Further, the subheadings of the Title 34 of the Code of Virginia, Chapter 2, specifically label Section 34-4 through 34-25 as "Homestead Exemptions of the Householder". Therefore Section 34-13 has to be read as an exemption statute in contrast to the statement of the Trustee in paragraph 10 of the Objection.

3. Virginia Code 34-13 clearly states in plain language that "if the household does not set apart any "real estate" (emphasis added) [this would be the first case, referenced below] as before provided, [which appears to incorporate any and all exemption set forth in Title 34] or if what he does or has to set apart is not of the total value which he is entitled to

hold exempt [this would be the second case referenced below] he may, in addition to the property or estate which he is entitled to hold exempt under Sections 34-26, 34-27, 34-29 and 64.2-311, in the first case select and set apart by the writing required by Section 34-14 [the official Schedule of Property Claimed as Exempt filed in the United States Bankruptcy Court claiming such exemptions shall be sufficient to set apart such property as exempt] to be held by him as exempt under Sections 34-4 and 34-4.1, so much of his personal estate as shall not exceed the total value which he is entitled to hold exempt and, in the latter case, personal estate, the value of which, when added to the value of the real estate set apart, does not exceed such total value.

4. Virginia Code Section 34-13, by its plain meaning, serves as a catchall (wildcard) to broaden the application of the exemptions referenced above not otherwise claimed and exhausted.

Therefore, the Debtor, by Counsel prays that this Court affirms the Debtor's entitlement to the exemptions under the Code Sections referenced herein and properly claimed by the Debtor; that the Court deny the Trustee's Objection to Debtor's Amended Schedule C filed December 20, 2023; and grant such other or further relief as this Court may deem appropriate.

    Nicole J Poullath

    By: /s/Stephen E. Dunn, Esq.
    Counsel for the Debtor

Stephen E. Dunn, Esq.
Attorney for the Debtor
Stephen E. Dunn, Esq., VSB No. 26355
Michelle J. Dunn, Esq., VSB No. 90687
Stephen E. Dunn, PLLC
201 Enterprise Dr., Suite A
Forest, Va. 24551
Phone: 434-385-4850
Email: stephen@stephendunn-pllc.com
       michelle@stephendunn-pllc.com