SIGNED THIS 7th day of March, 2024

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON
THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

In re:                                                                                    Chapter 13
NICOLE J. POULLATH,                                                   Case No. 23-61057
    Debtor.

## MEMORANDUM OPINION

    The dispute in this bankruptcy case is over the extent a householder in Virginia may use Virginia Code § 34-13 to claim an exemption in personal property. The chapter 13 trustee objected to the debtor's claim of exemptions. For the reasons explained in this Memorandum Opinion, this Court overrules the chapter 13 trustee's objection.

## JURISDICTION

    This Court has jurisdiction over this bankruptcy case by the provisions of 28 U.S.C. §§ 1334(a) and 157(a), the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. Proceedings to determine the "allowance or disallowance of . . . exemptions from property of the estate" are "core" proceedings under 28 U.S.C. § 157(b)(2)(B).

## FACTS AND PROCEDURAL HISTORY

Nicole J. Poullath filed a voluntary chapter 13 petition, by counsel, on September 27, 2023. *See* ECF Doc. No. 1. She is a householder[1] in Virginia. She has an interest in real estate in Virginia that she uses as her residence. She has three dependents.

Among her bankruptcy schedules, Ms. Poullath filed Schedule C claiming her exemptions, followed by two further amendments to it. *See* ECF Doc. Nos. 14, 20, 23. The trustee objected to the claim of exemptions and each of its amendments. *See* ECF Doc. Nos. 15, 22, 24. It is the latest amended Schedule C and the trustee's objection thereto that is the subject of the present controversy. *See* ECF Doc. Nos. 23, 24.

On her most recently amended Schedule C, Ms. Poullath claimed as exempt pursuant to Virginia Code § 34-4 her interests in the real property (used as her residence) in the amount of $1.00 and personal property (not used as her residence) in the combined amount of $6,262.67.[2] *See* ECF Doc. No. 23. The dollar amount of exemptions Ms. Poullath claimed under Virginia Code § 34-4 total $6,263.67. *Id.*

In addition, on her most recently amended Schedule C, Ms. Poullath claimed as exempt certain property interests pursuant to Virginia Code § 34-13. *Id.* The values of the property interests she claimed exempt under Virginia Code § 34-13 total $24,999. *Id.*

---

[1] "'Householder' means any resident of Virginia." *See* Va. Code § 34-1.

[2] Ms. Poullath claimed as exempt her interest in a compound bow valued at $50, "mom's wedding band" and a cross necklace valued at $400, deposits in a Central Virginia Federal Credit Union checking account of $3,301.14, deposits in another Central Virginia Federal Credit Union checking account of $1,262.67, deposits in a Central Virginia Federal Credit Union savings account of $1,247.86, and a tax refund at $1.00.

The parties agree that Ms. Poullath is entitled to claim under Virginia Code § 34-4 an exemption in real and personal property up to the amount of $6,500.[3] The parties agree that Ms. Poullath is entitled to claim under Virginia Code § 34-4 an exemption in real and personal property used as her primary residence up to the amount of $25,000. The parties agree that Ms. Poullath has properly claimed under Virginia Code § 34-4 an exemption in real and personal property in the total amount of $6,263.67,[4] which amount includes her $1.00 exemption in real property used as her primary residence. The parties agree that because Ms. Poullath has claimed $1.00 as exempt under Virginia Code § 34-4 in real property used as her primary residence, the unused portion of the $25,000 Virginia Code § 34-4 exemption is $24,999.

The agreements end there. The parties disagree whether Ms. Poullath may claim, pursuant to Virginia Code § 34-13, the unused portion of her Virginia Code § 34-4 exemption (i.e., the $24,999) in personal property if the personal property is not used as her primary residence. As the parties phrase it, the question for this Court is:

> Can a debtor, who owns real estate as the debtor's principal residence and who has exempted part of that principal residence under Code of Virginia 34-4 without fully utilizing the full extent of the exemption under that section that she would otherwise be entitled to claim, also exempt under Code of Virginia 34-13 certain of her personal property assets, the value of which would not exceed the remaining portion of the exemption under Virgin[i]a Code 34-4 that she did not claim as to her principal residence?

ECF Doc. Nos. 28, 32.

---

[3]   Virginia Code § 34-4 entitles a householder to claim property as exempt up to $5,000 *plus* $500 for each of the householder's dependents. Accordingly, Ms. Poullath is at least entitled to $6,500 pursuant to Virginia Code § 34-4 ($5,000 for herself and $1,500 total for her three dependents).

[4]   The parties agree that Ms. Poullath may use the remaining amount of the $6,500 to exempt personal property under Virginia Code § 34-13. In this case, the trustee does not object to the debtor's exemption of $1.00 to exempt real property used as her primary residence under § 34-4, plus personal property not used as her primary residence up to the value of $6,500. Because she has claimed $6,262.67 for personal property, the debtor would have $237.33 available to claim toward an exemption in personal property not used as her primary residence.

The parties submitted briefs in support of their respective positions and argued to the Court at two hearings on this matter. The parties each raised thoughtful and persuasive arguments in support of their respective positions.

***The Chapter 13 Trustee's Objection to Exemptions***

On December 20, 2023, the same day as Ms. Poullath filed her amended Schedule C, the chapter 13 trustee filed her objection to the claim of exemptions. *See* ECF Doc. No. 24. In her objection, the chapter 13 trustee agrees that Ms. Poullath is entitled to claim exemptions pursuant to Virginia Code § 34-4 up to $6,500, because Ms. Poullath has three dependents.[5] *See id.* ¶ 8. The chapter 13 trustee objects to the use of Virginia Code § 34-4 to exempt amounts that exceed $6,500 in personal property that is not used as Ms. Poullath's (or her dependents') principal residence. *See id.* ¶¶ 5–7.

The chapter 13 trustee then tackles the claims of exemption under Virginia Code § 34-13. According to the chapter 13 trustee, Virginia Code § 34-13 "is not an exemption statute" and only "purports to extend the reach of the other referenced statutes." *See id.* ¶¶ 10–11. Because the chapter 13 trustee "reads Virginia Code § 34-4 to expressly and very specifically limit the $25,000.00 exemption to real and personal property used as the debtor's principal residence," any use of Virginia Code § 34-13, based on its cross-reference to Virginia Code § 34-4, must be similarly limited to "real or personal property used as the principal residence of the householder or the householder's dependents." *See id.* ¶¶ 14–15. Hence, the chapter 13 trustee objects to Ms. Poullath's use of Virginia Code § 34-13 to claim the unused portion of the $25,000 exemption under Virginia Code § 34-4 to exempt personal property not used as her residence.

---

[5] *See supra* note 3.

*Ms. Poullath's Response to the Trustee's Objection*

On January 25, 2024, Ms. Poullath filed a response to the trustee's objection to her claim of exemptions. *See* ECF Doc. No. 30. Ms. Poullath disagrees with the trustee's legal analysis and asserts that Virginia Code § 34-13 is indeed an exemption statute and, "by its plain meaning, serves as a catchall (wildcard) to broaden the application of the exemptions referenced above not otherwise claimed and exhausted." *See id.* ¶¶ 2, 4.

## ANALYSIS

As this case is about the application of Virginia Code § 34-13, the starting point is the text of that statute. Virginia Code § 34-13 states:

> If the householder does not set apart any real estate as before provided, or if what he does or has so set apart is not of the total value which he is entitled to hold exempt, he may, in addition to the property or estate which he is entitled to hold exempt under §§ 34-26, 34-27, 34-29, and 64.2-311, in the first case select and set apart by the writing required by § 34-14 to be held by him as exempt under §§ 34-4 and 34-4.1, so much of his personal estate as shall not exceed the total value which he is entitled to hold exempt and, in the latter case, personal estate, the value of which, when added to the value of the real estate set apart, does not exceed such total value.

Va. Code § 34-13. Neither party suggests the language of Virginia Code § 34-13 is ambiguous. Although the text of Virginia Code § 34-4 was amended in 2020,[6] the text of Virginia Code § 34-13 has not been changed since 1993.[7]

To apply Virginia Code § 34-13, a first step is to break down the statute's language. As broken down, the first phrase refers to a householder who "does not set apart any real estate as before provided." The phrase "set apart" is the means of claiming an exemption in specific

---

[6] The General Assembly of Virginia enacted legislation, which was approved on March 12, 2020, to amend six sections of the Virginia Code relating to the homestead exemption and bankruptcy. *See* 2020 Va. Laws Ch. 328 (H.B. 790). The amended provisions became effective on July 1, 2020. *See id.*; Va. Code § 1-214(A).

[7] *See* 1993 Va. Laws Ch. 150 (H.B. 1995) (adding the phrase "by the writing required by § 34-14" to clarify how to claim the exemption).

property. Based on the placement of Virginia Code § 34-13 in Title 34, the language "as before provided" would refer to the sections preceding Virginia Code § 34-13 (which salient here are Virginia Code §§ 34-4 and 34-4.1[8]). And so, the sentence "if the householder does not set apart any real estate as before provided" can be stated differently as "if the householder does not claim an exemption in real estate using Virginia Code §§ 34-4 or 34-4.1." The next part of the sentence provides that if the householder does "set apart any real estate" (that is, does claim an exemption in real estate) and if what he has "so set apart is not of the total value which he is entitled to hold exempt" (that is, his claim of exemption did not use up the whole value of the exemption amount permitted under Virginia Code §§ 34-4 and 34-4.1), then "he may, in addition to the property or estate which he is entitled to hold exempt under §§ 34-26, 34-27, 34-29, and 64.2-311, . . . select and set apart by the writing required by § 34-14 to be held by him as exempt under §§ 34-4 and 34-4.1 . . . personal estate, the value of which, when added to the value of the real estate set apart, does not exceed such total value." Putting it together, if the householder either has not claimed an exemption in real estate or has claimed an exemption in real estate but has not exhausted the amount he is entitled to claim (under §§ 34-4 and 34-4.1) as an exemption in real estate, then he may claim (by the means required under § 34-14 to exempt property under § 34-4) an exemption in personal property to the extent its value, when added to the value of his exemption in real estate, does not exceed the total amount permitted under §§ 34-4 and 34-4.1. By its terms, when the householder is entitled to an exemption under Virginia Code §§ 34-4 or 34.1, but has not exhausted it, then she may use Virginia Code § 34-13 to exempt any personal property up to the exemption value allowed under Virginia Code §§ 34-4 or 34-4.1.

---

[8] Virginia Code § 34-4.1 provides an additional $10,000 exemption in real or personal property for "[e]very veteran residing in this Commonwealth having a service connected disability of forty percent or more, as rated by the U.S. Department of Veterans Affairs."

***Is Virginia Code § 34-13 an exemption statute?***

Title 34 of the Virginia Code is titled "Homestead and Other Exemptions." The title of the chapter indicates that the sections contained therein pertain to exemptions. Virginia Code § 34-13 is titled "Householder may set apart exemption in personal estate." The title of the section indicates that the section deals with an exemption or a means to claim an exemption. These indicators strongly suggest that § 34-13 is an exemption statute. More than simply these indicators, the statutory language found in other sections of Title 34 bolsters the conclusion. Certain language contained in Virginia Code § 34-14 (titled "How set apart in personal estate; form to claim exemption of personal property") suggests that § 34-13 is an independent exemption basis. The initial sentence of § 34-14 provides "[s]uch personal estate selected by the householder under § 34-4, 34-4.1, or 34-13 shall be set apart in a writing signed by him." The language "such personal estate selected . . . under . . . [§] 34-13" suggests Virginia Code § 34-13 is a statute by which a debtor may claim an exemption, or in other words, is an exemption statute. The last sentence of § 34-14 states: "[s]uch writing or deed shall not be required to secure any exemption under this Code except those exemptions created by §§ 34-4, 34-4.1 and 34-13." The reference to "exemption created by § . . . 34-13" indicates Virginia Code § 34-13 is an exemption statute.

Similarly, the language of Virginia Code § 34-21 suggests that § 34-13 may be an independent exemption basis. Virginia Code § 34-21 (titled "When householder's right to exemption is exhausted") states:

> When an amount of property, whether real or personal, or both, has been set apart to be held by a householder as exempt under § 34-4, 34-4.1, or 34-13, such amount shall for a period of eight years from such setting apart be applied against the maximum amount to which the householder is entitled to set apart as exempt under § 34-4, 34-4.1, or 34-13.

Va. Code § 34-21.  When § 34-21 refers to "property . . . has been set apart . . . as exempt under § . . . 34-13" and "the householder is entitled to set apart as exempt under § . . . 34-13," the section is describing § 34-13 as an exemption statute.

Based on the text of the provisions of Title 34, this Court concludes that Virginia Code § 34-13 is an exemption statute.

***The Contested $25,000 Exemption***

The chapter 13 trustee argues that none of the $25,000 amount provided for under Virginia Code § 34-4 is available to Ms. Poullath as to any of the personal property claimed as exempt under Virginia Code § 34-13, because the property is not "used as the principal residence of the householder or the householder's dependents."  Because Ms. Poullath is unable to take advantage of the $25,000 exemption amount to exempt the personal property pursuant to Virginia Code § 34-4, according to the chapter 13 trustee, such amount is similarly unavailable to Ms. Poullath under Virginia Code § 34-13.

> Virginia Code § 34-4 (titled "Exemption created") provides in part:
>
> Every householder shall be entitled, in addition to the property or estate exempt under §§ 23.1-707, 34-26, 34-27, 34-29, and 64.2-311, to hold exempt from creditor process arising out of a debt, real and personal property, or either, to be selected by the householder, including money and debts due the householder not exceeding $5,000 in value or, if the householder is 65 years of age or older, not exceeding $10,000 in value, and, in addition, real or personal property used as the principal residence of the householder or the householder's dependents not exceeding $25,000 in value.  In addition, upon a showing that a householder supports dependents, the householder shall be entitled to hold exempt from creditor process real and personal property, or either, selected by the householder, including money or monetary obligations or liabilities due the householder, not exceeding $500 in value for each dependent.

Va. Code § 34-4.  The trustee is correct that the language of Virginia Code § 34-4 contains a limitation on the exemption of $25,000 by noting that it is for real or personal property used as the principal residence of the householder.  The trustee then reads Virginia Code § 34-13 to contain

the same limitation, yet Virginia Code § 34-13 contains no such language.[9] Although the General Assembly amended Virginia Code § 34-4 to add the $25,000 exemption for "real or personal property used as the principal residence of the householder or the householder's dependents," it did not amend Virginia Code § 34-13. As such, this Court will not read into the statute language that is not present or enacted by the legislature.[10] *See Boos v. Barry*, 485 U.S. 312, 330 (1988) ("[F]ederal courts are without power to adopt a narrowing construction of a state statute unless such a construction is reasonable and readily apparent."); *see also In re Ross*, 637 B.R. 460, 464 (Bankr. W.D. Va. 2021) (refusing to read language into Virginia Code § 34-26(7) that would restrict the tools of the trade exemption to a debtor's *principal* occupation or trade).

## CONCLUSION

Because Virginia Code § 34-13 by its terms permits a householder in Virginia to claim an exemption in personal property up to the value of any unused portion of the exemption to which she is entitled to claim under Virginia Code § 34-4, Ms. Poullath is entitled to claim an exemption under Virginia Code § 34-13 in her personal property up to the unused value of $24,999 that was the subject of the chapter 13 trustee's objection. The chapter 13 trustee's objection to Ms.

---

[9] Neither party suggests that the language of Virginia Code § 34-13 is ambiguous. As noted by the Supreme Court of Virginia, "[w]hen statutory terms are plain and unambiguous, we apply them according to their plain meaning without resorting to rules of statutory construction." *Smith v. Virginia*, 718 S.E.2d 452, 455 (Va. 2011). The Court reads and applies the plain language of Virginia Code § 34-13 in this case. Since Virginia Code § 34-13 contains no "residential" restriction, the Court does not impose one.

[10] Counsel for the debtor noted at oral argument that a bill was pending before the General Assembly to amend Virginia Code § 34-13 to add: "For the purposes of this section, the exemption under § 34-4, or unused portion thereof, that is limited by such section to real or personal property used as the principal residence of the householder or the householder's dependents may only be used for such property, and its proceeds as provided under § 34-20, and no other property." *See* H.B. 1339, Va. Gen. Assemb., 2024 Sess. (Va. 2024), *available at* https://lis.virginia.gov/cgi-bin/legp604.exe?241+ful+HB1339H1. The bill passed the Senate on March 4, 2024, and passed the House on March 5, 2024. If the trustee is correct that Virginia Code § 34-13 already contains such limitation, no amendment would be necessary. The amendment suggests that the current version of § 34-13, at least according to the proponents of the bill, permits a householder to claim an exemption in any personal property up to the value of any unused portion of his § 34-4 exemption and is not limited to real or personal property used as the householder's primary residence.

Poullath's claim of exemptions is overruled. The Court will issue an order consistent with the conclusion in this Opinion.

The Clerk is directed to send copies of this Memorandum Opinion to the debtor, counsel for the debtor, and the chapter 13 trustee.